UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **JOHN PASQUELLA,** : | |
| : | |
| Plaintiff, : | Civil Action No.: 3:13-CV-00085 (WWE) |
| : | |
| v. : | |
| : | |
| **AT&T SERVICES, INC.,** : | MAY 16, 2013 |
| : | |
| Defendant. : | |
| : | |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant AT&T Services, Inc. ("AT&T") hereby answers plaintiff's Amended Complaint dated April 11, 2013 ("Complaint"), as follows:

1. Inasmuch as Paragraph 1 is limited to legal conclusions and contains no factual allegations, no responsive pleading is required.

2. Paragraph 2 is admitted.

3. As for the allegation that "Venue properly lies in this district pursuant to 29 US.C. Section 1132(e)(2)," such allegation is a legal conclusion containing no factual allegations, so no response is required. As for the allegation that Connecticut is the "district where the Plaintiff resides," defendant lacks sufficient information to form a belief and therefore leaves the plaintiff to his proof. Defendant admits the allegation that "the Defendant regularly conducts business" in the District of Connecticut.

4. As for the allegation that "[t]he Plaintiff is a resident of Thomaston, Connecticut," defendant lacks sufficient information to form a belief and therefore leaves the plaintiff to his proof.

5.  As for Paragraph 5, defendant denies that it is a Plan Sponsor of the AT&T Pension Benefit Plan. Defendant admits that it is an employer engaged in industry or activity affecting commerce, and admits that it has "offices and places of business throughout the State of Connecticut."

6.  Paragraph 6 is admitted, except that defendant denies that it is a Plan Sponsor.

7.  Paragraph 7 is admitted.

8.  Paragraph 8 is admitted.

9.  As for Paragraph 9, defendant admits that plaintiff requested and was provided modeling statements on 2007, 2009, 2010, and 2011, based on plaintiff's elections. Except as so admitted, the allegations of Paragraph 9 are denied.

10. Paragraph 10 is denied

11. Paragraph 11 is denied.

12. Defendant admits that a letter dated July 5, 2011 provided calculations that were different from some of the calculations that plaintiff had received previously. Except as so admitted, the allegations of Paragraph 12 are denied.

13. As for Paragraph 13, defendant denies the allegation that plaintiff "could no longer return to work." As for the remaining allegations of Paragraph 13, defendant lacks sufficient information to form a belief and leaves the plaintiff to his proof.

14. Paragraph 14 is denied, except to the extent of the allegation that Fidelity was in possession of information necessary to provide modeling statements, which is admitted.

15. Defendant admits that plaintiff filed a claim for benefits in a letter dated August 8, 2011. Except as so admitted, the allegations of Paragraph 15 are denied.

16. Defendant admits that plaintiff was notified that his claim for benefits was denied in a letter dated November 14, 2011. Except as so admitted, the allegations of Paragraph 16 are denied.

17. Defendant admits that plaintiff appealed the decision in a letter dated January 4, 2012. The allegations concerning the contents of the letter containing the notation "Enhanced Voluntary Severance Plan" are denied, inasmuch as the allegations are not a complete description of the contents of the letter which speaks for itself.

18. Paragraph 18 is denied as an incomplete description of the contents of a document which speaks for itself.

19. Defendant admits that AT&T's Benefit Plan Committee heard plaintiff's appeal and issued its decision in a letter dated April 23, 2012, and that the letter did not refer to a claim by plaintiff that he relied on statements by Fidelity. Except as so admitted, Paragraph 19 is denied, and defendant further denies any implication or allegation that a full and fair review was not afforded to plaintiff.

20. Defendant admits that the April 23, 2012 letter contained the language quoted in this paragraph. Except as so admitted, the allegations of Paragraph 20 are denied.

21. Paragraph 21 is denied.

22. Defendant admits that at least two jobs were suggested to plaintiff. As for the remaining allegations of Paragraph 22, defendant lacks sufficient information to form a belief and therefore leaves plaintiff to his proof.

23. Paragraph 23 is denied.

24. Paragraph 24 is admitted.

3.

**FIRST CAUSE OF ACTION: Promissory Estoppel**

25. Defendant hereby incorporates by reference its answers to Paragraphs 1 through 24 as if fully set forth herein.

26. Paragraph 26 is denied.

27. Paragraph 27 is denied.

28. Paragraph 28 is denied.

29. Paragraph 29 is denied.

**SECOND CAUSE OF ACTION: Breach of Fiduciary Duty (ERISA Section 502(a)(3))**

30. Defendant hereby incorporates by reference its answers to Paragraph 1 through 29 as if fully set forth herein.

31. Inasmuch as Paragraph 31 purports to be a characterization of legal requirements, rather than factual allegations, no response is required.

32. Inasmuch as Paragraph 32 purports to be a characterization of legal requirements, rather than factual allegations, no response is required.

33. Paragraph 33 is denied insofar as it alleges any such duty in the governing plan or applicable law.

34. Paragraph 34 is denied.

**THIRD CAUSE OF ACTION: Attorneys' Fees**

35. Defendant hereby incorporates by reference its answers to Paragraphs 1 through 34 as if fully set forth herein.

36. Paragraph 36 is denied.

37. Paragraph 37 is denied.

38. Paragraph 38 is denied.

## AFFIRMATIVE DEFENSES

1. Any damages plaintiff alleges he suffered were caused in whole or in part by plaintiff's own actions or failure to act.

2. Plaintiff's complaint fails to state a claim for breach of fiduciary duty.

3. Plaintiff's complaint fails to state a cause of action upon which relief may be granted.

4. Any award of damages in this case must be offset by any amounts plaintiff received as severance upon his separation from defendant.

DEFENDANT,
AT&T SERVICES, INC.

/s/ Stephen P. Rosenberg
Lori B. Alexander (ct08970)
Stephen P. Rosenberg (ct26601)
LITTLER MENDELSON, P.C.
One Century Tower
265 Church Street, Suite 300
New Haven, CT  06510
Telephone: 203.974.8700
Facsimile: 203.974.8799
lalexander@littler.com
sprosenberg@littler.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2013, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

/s/ Stephen P. Rosenberg<br>
Stephen P. Rosenberg (ct26601)